UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOCELYN SOSA, on behalf of herself and all others similarly situated, | Civil Case Number: |
| Plaintiffs, | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| RICHARD SOKOLOFF, | |
| Defendants. | |

Plaintiff JOCELYN SOSA (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through her attorneys, Sirotkin Varacalli & Hamra, LLP, against Defendant RICHARD SOKOLOFF (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

4. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which

prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Upon information and belief, Defendant's principal place of business is located within Medford, New York.

8. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

10. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class"):

    - All New York consumers who received a collection letter from the Defendant attempting to collect an obligation owed to or allegedly owed to Lenox Hill Med. Anesthesiology, PLLC, that contain the alleged violation arising from Defendant's violation of 15 U.S.C. §1692e, *et seq*.

    - The Class period begins one year to the filing of this Action.

11. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

    - Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from Defendant that violate specific provisions of the FDCPA. Plaintiff is

2

complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.   Whether Defendant violated various provisions of the FDCPA;

    b.   Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c.   Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.   Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are

3

likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS OF FACT PARTICULAR TO JOCELYN SOSA

12. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "11" herein with the same force and effect as if the same were set forth at length herein.

13. Upon information and belief, on a date better known by the Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

14. On or around July 8, 2015, Defendant sent a collection letter to Plaintiff.

15. As set forth in the following Counts Defendant violated the FDCPA.

### First Count
### Violation of 15 U.S.C. § 1692g
### Validation of Debts

16. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "23" herein with the same force and effect as if the same were set forth at length

4

herein.

17. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

18. One such request is that the debt collector provide "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

19. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such clearly.

20. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to state such explicitly.

21. Merely naming the creditor without specifically identifying the entity as the current creditor to whom the debt is owed is not sufficient to comply with 15 U.S.C. § 1692g(a)(2).

22. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

23. When determining whether the name of the creditor to whom the debt is owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

24. Defendant's letter fails to explicitly identify the name of the creditor to whom the debt is owed.

25. Defendant's January 20, 2016 letter to Plaintiff fails to identify any creditor to whom the debt is owed.

26. Indeed, Defendant's letter fails to identify any entity or individual as a "creditor."

27. Defendant's letter merely states, "RE: LENOX HILL MED. ANESTHESIOLGY, PPLC."

28. The letter fails to indicate whether the "RE:" refers to the Plaintiff's creditor.

29. The letter fails to indicate whether the "RE:" refers to the creditor to whom the debt is owed.

30. The letter fails to indicate whether the "RE:" refers to the original creditor or the current creditor to whom the debt is owed.

31. Defendant's letter states, "I HAVE BEEN RETAINED BY MY CLIENT TO OBTAIN PAYMENT OF AN OUTSTANDING OBLIGATION AS INDICATED ABOVE."

32. The letter fails to indicate who referred the account to Defendant.

33. The letter fails to indicate who the client is.

34. Furthermore, the Letter indicated "Re: "Lenox Hill Med. Anesthesiology, PLLC."

35. A due and diligent search of the NYS Department of State Division of Corporations Records, Business entity database, reveals no record of the existence of any company named, "Lenox Hill Med. Anesthesiology, PLLC."

36. Defendant failed to explicitly state the name of the creditor to whom the debt is owed.

37. Defendant failed to clearly state the name of the creditor to whom the debt is owed.

38. The least sophisticated consumer would likely be confused as to the creditor to whom the debt is owed.

39. The least sophisticated consumer would likely be uncertain as to the creditor to whom the debt is owed.

40. Defendant has violated § 1692g as it failed to clearly and explicitly convey the name of the creditor to whom the debt is owed.

41. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

42. Defendant sent a written communication, in the form annexed hereto as **Exhibit A** to at least 50 natural persons in the State of New York within one year of the date of this Complaint.

### Second Count
### Violation of 15 U.S.C. § 1692e(3)
### False or Misleading Representations

43. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "38" herein with the same force and effect as if the same were set forth at length herein.

44. The FDCPA prohibits the use of any "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. It enumerates a non-exhaustive list of sixteen debt-collection practices that run afoul of this proscription, including "the false representation or implication that [a] communication is from an attorney." Id. § 1692e(3).

45. On or around July 8, 2015, Defendant sent a collection letter communicating to the least sophisticated consumer that the communication came from a law firm in a practical sense violating Section 1692e(3).

46. *Reade-Alvarez v. Eltman, Eltman & Cooper, P.C., 369 F. Supp. 2d 353, 2005 U.S. Dist. LEXIS 8472 (E.D.N.Y. 2005)* (computer generated "mass mailings" of tax season settlement letter on a law firm letterhead lacking any disclaimer and without an attorney conducting any meaningful review states a claim for relief under Section 1692e(3)) *Suquilanda v. Cohen & Slamowitz, LLP, 2011 U.S. Dist. LEXIS 102727 (S.D.N.Y. Sept. 7, 2011)* (Same) *Cordes v. Frederick J. Hanna & Assocs,, P.C., 789 F. Supp. 2d 1173, 2011 U.S. Dist. LEXIS 61222 (D. Minn. 2011)* (same).

47. The Second circuit has held that debt-collection letter from a law firm or lawyer violates Section 1692e(3)if an attorney was not "directly and personally involved" with the debtor's account - such as by reviewing the debtor's file - before the letter was sent. *Clomon v. Jackson.,* 988 F.

7

2d 1314, 1320-21 (2d Cir. 1993) See, e.g, *Taylor v. Perrin, Landry, deLaunay & Durand,* 103 F.3d 1232, 1237-38 (5th Cir. 1997); *Avila v. Rubin,* 84 F.3d 222,229 (7th Cir. 1996); *Martsolf v. JBC Legal Grp., P.C.,* No. 1:04-CV-1346, 2008 WL 275719, at *7 (M.D. Pa. Jan. 30, 2008); *Sonmore v. Checkrite Recovery Servs.,* Inc., 187 F. Supp. 2d 1128, 11133 (D. Minn. 2001) (Alsop, J.);

Also See. *Suquilanda v. Cohen & Slamowitz LLP.,* No. 1:10-cv-05868 (S.D.N.Y. Sept.8, 2011) ("Absent any disclaimer and without an attorney conducting any meaningful review, Using a "Law Office" Letterhead States a Claim for Relief under Section 1692e(3)"

48. The Second Circuit confronted similar facts in Clomon. There, the attorney Defendant approved the form of dunning letters sent by a collection agency and also "approved the procedures according to which th[e] letters were sent. "988 F.2d at 1317. He did not have any specific involvement with each debtor's account, however, such as reviewing the debtor's file or the particular letter being mailed. *Id*. The Second Circuit concluded that the challenged letters, despite bearing Defendant attorney's signature, violated Section 1692e(3) because, although literally from an attorney, they "were not 'from' [him] in any meaningful sense of that word." Id. At 1320; accord, e.g., Avila, 84 F.3d   at

229. The same result is obtained here.

49. If Richard Sokoloff desires to take advantage of the additional collection leverage provided by the use of a law firm's name in connection with purely debt-collection related activities, it is free to do so under the law of the Second Circuit so long as its each and every one of its standardized communications including letters and voicemail messages do not give the least sophisticated consumer the impression that the communication is from an attorney   or

law firm in the practical sense. See e.g. *Clomon v Jackson*, 988 F2d 1314, 1320 (2nd Cir. 1993). See e.g *Gonzalez v. Kay*, 577 F.3d 600 (5th Cir. 2009). "Debt collectors acting solely as debt collectors must not send the message that a lawyer is involved, because this deceptively

sends the message that the 'price of poker has gone up." *See* also. *Sparkman v. Zwicker & Assocs., P.C.*, 374 F. Supp. 2d 293 (E.D.N.Y.2005). The court found that the collector's letter with text on the front and back regarding attorney involvement was confusing to the least sophisticated consumer and violated § 1692e. See, e..g. *Suquilanda v. Cohen & Slamowitz, LLP* No. 1:10-cv-05868 (S.D.N.Y. SEP 08, 2011) "Absent any disclaimer and without an attorney conducting any meaningful review using a "Law Office" Letterhead States a Claim for Relief under Section 1692e(3)".

50. Defendant, as a matter of pattern and practice, mail letters, or cause the mailing of letters, to debtors using language substantially similar or materially identical to that utilized by Defendant in mailing the above-cited letter to Plaintiff.

51. Defendant mails, or causes the mailings of, thousands of collection letters like the one sent Plaintiff without conducting any meaningful review of the accounts.

52. Defendant violated 15 U.S.C. §§ 1692e(3), 1692e(10) for indicating that the communication came from a law firm in a practical sense and for failing to qualify that the debt had not been reviewed by an attorney.

53. Defendant's actions as set forth above in the within complaint violate the FDCPA.

54. Because Defendant violated the FDCPA, Plaintiff is entitled to damages in accordance with the FDCPA.

**Third Count**
**15 U.S.C. §1692e** *et seq.*
**False or Misleading Representations as to Status of Debt**

55. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "27" herein with the same force and effect as if the same were set forth at length herein.

56. Pursuant to 15 U.S.C. §1692e, a debt collector is prohibited from using false, deceptive, or misleading representation in connection with the collection of a debt.

57. The said letter stated in pertinent part as follows: "Collection Charges: $.00"

58. The notification of said "Collection Charges: $.00" is unlawful.

59. Defendant did not have any legal basis for adding "Collection Charges: $.00" onto Plaintiff's alleged debt.

60. The least sophisticated consumer could be led to believe that although there is no collection fee at the time he received the said letter, he may be liable to such a fee in the future.

61. The said letter language implies a threat, and is confusing to the least sophisticated consumer so as to falsely imply that the creditor is entitled to receive a collection fee.

62. Defendant was not entitled to impose a collection fee as a permissible fee that a creditor may charge in connection with a consumer credit transaction. *Tylke v. Diversified Adjustment Service, Inc.*, No. 14-CV-748 (E.D. Wis. Oct. 28, 2014). ([I]t is possible that, as the defendant suggests, an "unsophisticated consumer" might understand the statement to be explaining that no part of the debt is a "collection fee" even though the (creditor's) agreement allows for one. On the other hand, it is also possible that an "unsophisticated consumer" would interpret the statement to mean that there is no "collection fee" now but that one could be assessed later on. In other words, the inclusion of a collection fee, even one showing a balance of zero, could imply the future possibility of one. Such a reading is neither bizarre nor idiosyncratic.)

63. Said language can be reasonably read to have two or more different meanings, one of which is false. *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 25 (2d Cir. 1989). (Because the collection notice was reasonably susceptible to an inaccurate reading, it was deceptive within the meaning of the Act.), *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993). (Collection notices are deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.), *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. N.Y. 1996). (A collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate. The fact that the notice's terminology was vague or uncertain will not prevent it from

being held deceptive under § 1692e(10) of the Act.)

64. Defendant, as a matter of pattern and practice, mails letters, or causes the mailing of letters, to debtors using language substantially similar or materially identical to that utilized by Defendant in mailing the above-cited letter to Plaintiff.

65. The letters Defendant mails, or causes to be mailed, are produced by Defendant's concerted efforts and integrated or shared technologies including computer programs, mailing houses, and electronic databases.

66. The said letter is a standardized form letter.

67. Defendant's July 8, 2015 letter is in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5) 1692e(10), 1692f and 1692f(1) for the use of false and deceptive means; for falsely representing the character, amount, or legal status of a debt; for the false representation of compensation which may be lawfully received by a debt collector for the collection of a debt; for threatening to take any action that cannot legally be taken or that is not intended to be taken; for the use of unfair and unconscionable means to collect on a debt; and for attempting to collect an amount unless such an amount is expressly authorized by the agreement creating the debt or permitted by law.

68. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Ibrahim Abohamra, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: July 06, 2016

Respectfully submitted,

By: /s/ Abraham Hamra
Abraham Hamra, Esq. (AS8452)
Sirotkin Varacalli & Hamra, LLP
110 East 59th Street, Suite 3200
New York, New York 10022
Phone: (646) 590-0571

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

/s/ Abraham Hamra
Abraham Hamra, Esq.

Dated: July 06, 2016