UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x  16-CV-05367 (JMF)

JOCELYN SOSA, on behalf of herself and all
others similarly situated,

                    Plaintiff

       -against-                             ANSWER TO CLASS ACTION
                                                         STYLED COMPLAINT

RICHARD SOKOLOFF,

                    Defendant

-----------------------------------------------------------------x

Defendant, RICHARD SOKOLOFF ("Defendant"), by his attorney ROBERT L. ARLEO, ESQ. P.C., answering the Plaintiff's class action styled Complaint dated and filed July 6, 2016 ("hereinafter Plaintiff's Complaint")(Doc. No. 1), sets forth as follows:

1. In regard to the allegations set forth in paragraphs 1 and 2 of the Plaintiff's Complaint, leave to the Court all determinations in regard to proper jurisdiction and venue.

2. In regard to the allegations set forth in paragraph 5 of the Plaintiff's Complaint, deny that the Plaintiff or her proposed class is entitled to any damages or to any declaratory and/or injunctive relief.

3. Admit the allegations set forth in paragraphs 6, 7, 8, 9, 13, 14, 42, 50, 64, 65 and 66 of the Plaintiff's Complaint.

4. In regard to the alleged class action allegations set forth in paragraphs 10 and 11 of the Plaintiff's Complaint deny said allegations and otherwise state that the herein action cannot satisfy the requirements for class certification as same are set forth in Fed. R. Civ. P. 23.

5. In regard to the allegations set forth in paragraph 22 of the Plaintiff's Complaint, admit that the Defendant sent the collection letter referenced therein to the Plaintiff.

6. In regard to the allegations set forth in paragraphs 27, 31, 34 and 58 of the Plaintiff's Complaint, refer to the collection letter at issue for a determination of the accuracy of the assertions set forth in said paragraphs 27, 31, 34 and 58.

7. In regard to the allegations set forth in paragraphs 17, 18, 19, 20, 21, 22, 23, 44, 46, 47, 48 49 and 56 of the Plaintiff's Complaint, same are conclusions of law to which no response is required.

8. Deny the allegations set forth in paragraphs 3, 4, 15, 24, 25, 26, 28, 29, 30, 32, 33, 36, 37, 38, 39, 40, 41, 42, 45, 51, 52, 53, 54, 58, 59, 60, 61, 67 and 68 of the Plaintiff's Complaint.

9. In regard to the allegations set forth in paragraph 62 of the Plaintiff's Complaint, the allegations therein are nonsensical in that the Defendant did not charge any collection fee as evidenced by the content of the Defendant's letter. Notwithstanding, the reference therein to the decision rendered in *Tylke v. Diversified Adjustment Service, Inc.* fails to provide a legitimate basis for the Plaintiff's claims. The *Tylke* decision was based upon a motion to dismiss the complaint therein, there is an absence of any deep legal reasoning set forth therein, the decision did not cite to any other FDCPA case which had previously found a potential or actual FDCPA violation based upon setting forth a collection fee of

$0.00 in a collection letter, a LEXIS-NEXIS search indicates that no other court has cited to the *Tylke* decision in the almost two years since its issuance and the decision is otherwise nonbinding on any federal court whatsoever.

10. In regard to the allegations set forth in paragraph 63 of the Plaintiff's Complaint, deny the allegation that the reference to the $0.00 collection fee can be reasonably read to have two or more different meanings, one of which is false. Otherwise, the remainder of the contents set forth in paragraph 63 of the Plaintiff's Complaint constitutes references to two decisions from the U.S. Court of Appeals for the Second Circuit to which no response is required.

11. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 35 of the Plaintiff's Complaint.

12. In regard to the allegations set forth in paragraphs 12, 16, 43 and 55 of the Plaintiff's Complaint refer to each and every paragraph set forth in the herein Answer.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

13. The Plaintiff failed to mitigate her alleged actual damages.

If any dispositive motion brought by the Defendant is denied then the Defendant demands a trial by jury.

DATED: New York, New York
September 6, 2016

ROBERT L. ARLEO, ESQ. P.C.

By: */s/ Robert L. Arleo*
ROBERT L. ARLEO
380 Lexington Avenue, 17th Fl.
New York, New York 10168
Telephone: (212) 551-1115
Facsimile: (518) 965-1022
Email: robertarleo@gmail.com

TO: SIROTKIN VARACALLI & HAMRA, LLP
110 East 59th Street, Suite 3200
New York, New York  10022